# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2013

No. 11-20840
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO MARIO RUBIO BANDA, also known as Ricardo Mario Rubio, also known as Ricardo Rubio, also known as Ricardo Rubio Banda, also known as Ricardo M. Banda, also known as Ricardo Mario Rubio-Banda, also known as Gerardo Rubio Band, also known as Ricardo M. Rubio, also known as Gerardo Band, also known as Reicardo Rubio,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-276-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ricardo Mario Rubio Banda (Banda) appeals the 76-month sentence imposed following his guilty-plea conviction of illegal reentry by a previously deported alien after an aggravated felony conviction. He argues that his sentence is unreasonable because it was imposed without consideration of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

18 U.S.C. § 3553(a) factors. He also contends that, due to the district court's application of the 16-level crime of violence enhancement of U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2010), his sentence is greater than necessary to satisfy the sentencing goals of § 3553(a). He further argues that his sentence violates the Eighth Amendment and results in an equal protection violation.

Ordinarily, this court reviews a district court's sentencing decision for reasonableness under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 50-51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, this court analyzes whether the district court committed procedural error, then, if the sentence is procedurally sound, this court considers the substantive reasonableness of the sentence under the abuse of discretion standard. *Cisneros-Gutierrez*, 517 F.3d at 764. Additionally, Banda's within-guidelines sentence is presumed to be reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Although Banda did not explicitly present to the district court the challenges that he presents to this court, the arguments he presented to the district court could be construed to encompass the challenges that he presents to this court. As the following analysis demonstrates that Banda cannot prevail even under the less deferential, abuse-of-discretion standard, we need not determine whether the plain error standard of review should govern this appeal. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Banda's argument that the district court failed to consider the § 3553(a) factors is refuted by the record, which reflects consideration of the sentencing goals set forth in § 3553(a). Also, this court has concluded that the district

court's decision to sentence a defendant within a guidelines range that includes the crime of violence enhancement is not inconsistent with legitimate sentencing goals. *See, e.g., United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 359, 366-67 (5th Cir. 2009). Moreover, Banda's sentence, which was at the bottom of the guidelines range, was not constitutionally disproportionate and therefore does not constitute a violation of his Eighth Amendment rights. *See United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1133-34 (5th Cir. 1993). Regarding Banda's equal protection challenge, application of the 16-level enhancement does not violate equal protection because it treats all persons with qualifying serious prior offenses who commit a § 1326 offense equally. *See id.* at 1134. Additionally, the unavailability of fast-track programs in certain districts does not created an unwarranted disparity among similarly situated persons. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 (5th Cir. 2008).

The judgment of the district court is therefore AFFIRMED.